**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **James T. Muncy, Jr., et al.,** | : | **Civil Action No.: 1:19-cv-3324** |
| | : | |
| **Plaintiffs,** | : | **Judge Marbley** |
| | : | |
| **v** | : | **Magistrate Judge Jolson** |
| | : | |
| **Hound Dogs Towing and Recovery, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
OF BONA FIDE DISPUTE**

Plaintiffs, James T. Muncy, Jr., and Christine Wheeler, and Defendants, Hound Dogs Towing and Recovery and Josh Ingold, (collectively "the Parties"), by and through counsel, jointly move this Court to approve the Settlement reached by the Parties and memorialized in the Confidential Settlement Agreement and Release of Claims ("the Settlement Agreement"), attached hereto as **Exhibit A**. The Agreement seeks to resolve claims Plaintiffs asserted against Defendants, including the bona fide dispute as to liability, hours worked, and compensation alleged to be due under the Fair Labor Standards Act, 29 U.S.C. §§201, *et. seq*. ("FLSA"), as well as the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act, collectively found in O.R.C. Chapter 4111 ("Ohio Acts").

The Parties respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint (Doc. No. 1) with prejudice, with each side to bear its respective costs and attorneys' fees, except as provided in the attached Settlement Agreement. A proposed approval order is attached hereto as **Exhibit B** for the purpose of approving the settlement and dismissing this

action, except to retain jurisdiction for the limited purpose of enforcing the terms of the settlement, if necessary. The Parties respectfully submit that the Settlement Agreement between Plaintiffs and Defendants is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during good faith and arms-length negotiations between the Parties, conducted by experienced counsel. If approved by the Court, the Agreement will provide meaningful payment to Plaintiffs and fair and reasonable attorneys' fees to Plaintiffs' counsel.

As grounds for this Motion, the Parties state:

1.  Plaintiffs filed Plaintiffs' Complaint under the FLSA and the Ohio Acts. Plaintiffs claim that Defendants violated the FLSA and the Ohio Acts by failing to compensate them or failing to pay overtime for all hours worked in excess of forty (40) hours per workweek in compliance with Federal and Ohio minimum wage requirements. Defendants contend, in good faith, that Plaintiffs were exempt from overtime under the FLSA and the Ohio Acts. This includes, but is not limited to, the motor carrier exemption, set forth in section 13(b)(1) of the FLSA.

2.  FLSA settlement agreements require approval by a Court or the U.S. Department of Labor. *See, e.g.,* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.1982)).

3.  Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is fair, reasonable, and adequate."). To determine

2

the fairness of a settlement under the FLSA, courts consider whether the agreement reflects a reasonable compromise of disputed issues. *See Dillworth v. Case Farms Processing, Inc*., No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) ("the court must determine whether such a question, or bona fide dispute, exists.")(citations omitted); *Crawford v. Lexington-Fayette Urban County Gov't*, Case No. 06-299-JBC, 2008 WL 4724499, *2 (E.D.Ky. Oct. 23, 2008). Normally, a settlement is approved where it is the result of contentious arms-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *Bronson v. Board of Educ.,* 604 F.Supp. 68, 73 (S.D.Ohio 1984)).

4.      The Parties respectfully request that the Court approve the settlement as memorialized in the Settlement Agreement because it is fair and reasonable and in the best interests of the Plaintiffs. *See* **Exhibit C** (Contreras Decl. ¶28) (Coffman Decl. ¶30). The Settlement Agreement reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal.  The settlement payments were calculated by determining the full amount of Plaintiffs' alleged unpaid overtime wages and the payments are 100% of such alleged damages before liquidating. *See* **Exhibit C** (Contreras Decl. ¶20) (Coffman Decl. ¶20).

5.      Moreover, the Settlement Agreement was reached in an adversarial context in which both of the Parties were represented by competent and experienced counsel.  The Parties, therefore, submit that the totality of the proposed settlement as contained in the Settlement Agreement is fair and reasonable.  *See* **Exhibit C** (Contreras Decl. ¶29) (Coffman Decl. ¶30).

6.      Plaintiff James T. Muncy, Jr., ("Plaintiff Muncy") expressly agrees and acknowledges that the payments made in the Settlement Agreement are in full and final resolution and satisfaction of a bona fide dispute as to damages including, but not limited to, back pay damages and liquidated damages under the FLSA and/or the Ohio Acts, and that the payment of One Thousand One Hundred Sixty-Five Dollars and Ninety-Five Cents ($1,165.95) for back pay damages is fair and reasonable and fully compensates Plaintiff Muncy for any and all hours suffered or permitted to be worked for Employer. Plaintiff Muncy further expressly agrees and acknowledges that the payment of an additional One Thousand One Hundred Sixty-Five Dollars and Ninety-Five Cents ($1,165.95) for liquidated damages is fair and reasonable and fully compensates Plaintiff Muncy for all liquidated damages owed to Plaintiff Muncy.

7.      Plaintiff Christine Wheeler ("Plaintiff Wheeler") expressly agrees and acknowledges that the payments made in the Settlement Agreement are in full and final resolution and satisfaction of a bona fide dispute as to damages including, but not limited to, back pay damages and liquidated damages under the FLSA and/or the Ohio Acts and that the payment of One Thousand Seven Hundred Twenty-Six Dollars and Twenty-Eight Cents ($1,726.28) for back pay damages is fair and reasonable and fully compensates Plaintiff Wheeler for any and all hours suffered or permitted to be worked for Employer.  Plaintiff Wheeler further expressly agrees and acknowledges that the additional payment of One Thousand Seven Hundred Twenty-Six Dollars and Twenty-Eight Cents ($1,726.28) for liquidated damages is fair and reasonable and fully compensates Plaintiff Wheeler for all liquidated damages owed to Plaintiff Wheeler.

8.      The federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin*, 830 F.2d 182, 184

(11th Cir.1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b) is an "integral part of the merits of FLSA cases and part of the relief sought therein"). There is no specific numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). The Second Circuit Court of Appeals recently noted it is reversible error to limit Plaintiffs' counsel fee to 33% of the total settlement amount in FLSA cases, or to hold there is a maximum attorney fees percentage generally recoverable in FLSA cases. *See Fisher v. SD Protection Inc., et al*., Case No. 18-cv-2504 (2nd Cir. February 4, 2020) (reversing district court's holding that 33% of total settlement is generally the "maximum fee percentage" approved in FLSA cases and holding it has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation").

9.      The standard for reviewing a request for attorneys' fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Pursuant to the terms of the Settlement Agreement, Defendants have agreed to pay Plaintiffs' counsels' actual and reasonable attorney fees and expenses incurred in this Action in an amount of Ten Thousand Ninety-Five Dollars and 00/100 Cents ($10,095.00). *See* **Exhibit A**. Plaintiffs have submitted sufficient evidence to support of the amount requested for attorneys' fees and costs. *See* **Exhibit C** (Contreras Decl. ¶27) (Coffman Decl. ¶27).

10.      The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA class and collective actions. This experience led to the settlement which resulted in payments of 200% of the alleged unpaid overtime damages when liquidated damages are considered. Defendants have agreed to pay these fees and costs as part of the negotiated

Agreement here. Plaintiffs' counsel has frequently established their rates as appropriate in light of their expertise and skill. The hourly rates charged by Plaintiffs' Counsel and the amount of hours worked are reasonable based on the prevailing market rates and have been subject to frequent approval by courts in similar FLSA settlements. *See Adams v. Central Ohio Elderly Care, LLC,* Case No. 18-cv-00134, Doc. No. 59 (S.D. Ohio February 6, 2020) (Judge Morrison order approving FLSA collective action settlement); *see Wilson v. Abbott Home Care Plus, LLC,* Case No. 2:18-cv-743, Doc. No. 40 (S.D. Ohio December 2, 2019) (Judge Smith order approving FSLA collective action settlement); *see Fox v. Surge Staffing, LLC,* Case No. 2:18-cv-22, Doc. No. 17 (S.D. Ohio April 25, 2019) (Judge Graham approving FLSA settlement); *see Graybill v. Petta Enterprises, LLC,* Case No. 2:17-cv-418, Docs. No. 29-30 (S.D. Ohio October 15, 2018) (Judge Smith approving FLSA collective action and Rule 23 class action settlement); *see Budd v. K.N.S. Services, Inc.*, Case No. 2:17-cv-401, Doc. 21 (S.D. Ohio February 2, 2018) (Judge Marbley approving FLSA settlement); *see Core v. Trubridge, Inc.* (N.D. Ohio May 23, 2018) (Magistrate Judge Limbert order approving FLSA settlement)*; see Hopson v. Queen Stucco, Inc.* Case No. 2:16-cv-00782, Doc. 25 (S.D. Ohio November 8, 2017) (Judge Graham approving FLSA settlement); *see Holland v. New Method Packaging, LLC,* Case No. 3:16-cv-309, Doc. No. 23 (S.D. Ohio May 10, 2017) (Judge Rose approving FLSA settlement).

11.     Additionally, Plaintiffs have submitted sufficient evidence in support of the above amount of attorneys' fees and costs. *See* **Exhibit C** (Contreras Decl. ¶27) (Coffman Decl. ¶27). The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in class action, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiffs' Counsel to the Court. *See* **Exhibit C** (Contreras Decl. ¶26) (Coffman Decl. ¶26).

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court to approve the settlement as memorialized in the Settlement Agreement (**Exhibit A**) and to stay the proceedings pending dismissal of this Action after the Parties' compliance with their obligations under the Settlement Agreement.

Date: February 12, 2020

Respectfully submitted,

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
Trial Counsel
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ Peter Contreras
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com


*Counsel for Plaintiffs*
*ATTORNEYS FOR PLAINTIFFS*
*JAMES T. MUNCY, JR. and*
*CHRISTINE WHEELER*

/s/ Jonathan P. Corwin
Jonathan P. Corwin (0075056)
Trial Counsel
Julia A. Davis (0031266)
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main Street, Fourth Floor
Columbus, OH 43215
Phone: 614-460-1600
Fax: 614-469-1066
jcorwin@arnlaw.com
jdavis@arnlaw.com

*ATTORNEYS FOR DEFENDANTS*
*HOUND DOGS TOWING and RECOVERY and*
*JOSH INGOLD*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12th, 2020, a copy of the foregoing document was filed under seal electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Peter Contreras*
Peter Contreras (0087530)