IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES T. MUNCY, JR., et al., : | |
| : | Case No. 2:19-cv-03324 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| HOUND DOGS TOWING AND RECOVERY, : | |
| et al., : | |
| : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on the parties' Joint Motion for Approval of FLSA Settlement. Doc. 7. After reviewing the Motion, and the accompanying Settlement Agreement, the Court **GRANTS** the Motion [#7].

**II. BACKGROUND**

On August 1, 2019, Plaintiffs James T. Muncy, Jr. and Christine Wheeler initiated this action on behalf of themselves and all others similarly situated, alleging that Defendants -- Hound Dogs Towing & Recovery and Josh Ingold -- violated the Fair Labor Standards Act ("FLSA") by failing to pay their independent contractors for the overtime that they worked as tow truck drivers. Doc. 1. On February 12, 2020, the parties reported that they had reached a settlement. Doc. 7. Before the Court is a Joint Motion to approve that settlement. Under the Agreement, Plaintiffs are set to receive an aggregate amount of $5,784.46. *See* Doc. 7-1. Counsel for Plaintiffs is set to receive an attorneys' fees and costs award of $10,095. *Id.*

1

## III. ANALYSIS

As a general rule, "[t]he FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v Safelite Solutions, LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). One exception is when a court reviews and approves a settlement agreement in a private action for back wages under 29 U.S.C. § 216(b). *Id.* The Court's role in approving an FLSA settlement "is comparable to that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23." *See id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010)). Hence, the Court must ensure that there is a bona fide dispute between the parties and that the settlement is a product of arms-length negotiation that was fair, reasonable, and adequate. *See id.* at *5-6.

### 1. Whether there was a Bona Fide Dispute Between the Parties

The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime. *Id.* at *5. At the heart of this case is whether Plaintiffs are entitled to compensation for the overtime they worked as independent contractors. Plaintiffs maintain that they are entitled to this compensation whereas Defendants contend that Plaintiffs are exempt from overtime pay under the FLSA. The Court accepts these good-faith representations of a bona fide dispute as demonstrating the Settlement Agreement is not an attempt to negotiate around the FLSA's mandatory requirements of compensating employees for unpaid wages.

### 2. Whether Negotiations were Fair, Reasonable, and Adequate

In determining whether a proposed FLSA settlement is fair, reasonable, and adequate, a district court is required to consider and balance several factors: (a) Plaintiffs' likelihood of

ultimate success on the merits balanced against the amount and form of relief offered in settlement; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the judgment of experienced trial counsel; (e) the nature of the negotiations; (f) the objections, if any, raised by the class members; and (g) the public interest. *Kritzer*, 2012 WL 1945144, at *6. Here, the Court finds that the balance of factors weighs in favor of approving the Settlement Agreement.

### a. Likelihood of Success

The most important factor the Court must consider when approving an FLSA settlement "is the plaintiffs' probability of success on the merits, particularly when weighed against the recovery provided in the proposed settlement agreement." *Id.* The lower the likelihood of success, the more desirable a settlement. *Id.* Here, Plaintiffs' counsel suggests that their clients' likelihood of success was uncertain, representing that the parties continue to disagree over the merits of Plaintiffs' claims. Plaintiffs allege that Defendants failed to properly compensate them for overtime work, while Defendants deny any wrongdoing and assert affirmative defenses. Because of the uncertainty surrounding Plaintiffs' likelihood of success, the Court finds that this factor weighs in favor of approval.

### b. Complexity and Expense of Litigation

The second factor the Court must consider is the complexity and expense of potential litigation. Counsel attests that if forced to litigate this case further, "the Parties would certainly engage in complex, costly, and protracted wrangling." *See* Doc. 7-3 at 6. The Settlement Agreement eliminates these burdens, and thus, weighs in favor of approval.

3

### c. Stage of Proceedings

The third factor is intended to ensure Plaintiffs have had access to the information needed to assess adequately their case and the desirability of the Settlement Agreement. *See Kritzer*, 2012 WL 1945144, at *7. Prior to engaging in settlement discussions, Defendants provided Plaintiffs with wage and payroll records, so Plaintiffs' counsel could calculate potential damages. Plaintiffs' counsel represents that these records gave them the necessary materials to fully and fairly evaluate Plaintiffs' claims. Because Plaintiffs have had available to them all the information they needed to make an informed decision about the settlement, this factor weighs in favor of approval.

### d. Judgment of Experienced Counsel

By agreeing to this settlement, counsel for both parties have indicated their shared belief that the Settlement Agreement is fair, reasonable, and adequate. The Court gives great weight to the beliefs of experienced counsel. *Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir. 1983) (Generally, "[t]he court should defer to the judgment of experienced counsel who has competently evaluated the strengths of his proofs."). Accordingly, this factor weighs in favor of approval.

### e. Nature of Negotiations

Before approving an FLSA settlement, the Court must be convinced that the parties' Settlement Agreement "is non-collusive and the product of arms-length negotiations." *Kritzer*, 2012 WL 1945144, at *7. Here, the Settlement Agreement is a product of negotiations between two parties represented by counsel. Counsel represents that these negotiations were undertaken in good faith. Having no reason to question these representations, the Court is satisfied that the Settlement Agreement is a product of arms-length negotiations.

### f.  Objections by Class Members

In evaluating an FLSA settlement agreement the Court is required to consider objections, if any, raised by class members.  There have been no such objections in this case.

### g.  Public Interest

The final factor the Court must consider is whether the public interest would be served by settlement.  Because the parties' Settlement Agreement would end potentially long and protracted litigation, the Court finds that this factor weighs in favor of approval.  *Id.* at *8 ("While this case is not of general public interest, the public interest in favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation.").

In sum, each of the seven fairness factors weigh in favor of approving the parties' Settlement Agreement.

### 3.  Whether the Attorneys' Fees and Costs Award is Reasonable

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."  *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  The party seeking attorneys' fees bears the burden of documenting his or her entitlement to the award.  *Id.* at 472.  In determining whether the amount of the award is reasonable, "courts consider (1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken in a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved."  *Kritzer*, 2012 WL 1945144, at *9.  Here, counsel for Plaintiffs is set to receive a fees and costs award of $10,095 under the Settlement Agreement.  The Court finds that the balance of factors weigh in favor of finding this amount reasonable.

### a. Value of Benefits Rendered

There is little doubt that the result Plaintiffs achieved in this case was exceptional. Indeed, each Plaintiff has received the full value of their alleged unpaid overtime damages, as well as full liquidated damages. This factor, therefore, weighs in favor of the proposed fees award.

### b. Societal Stake in Attorneys' Fees

The second factor, society's stake in rewarding attorneys who produce such benefits, also favors the proposed fees award. This is because "[s]ociety has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *See id.* Here, counsel was integral in helping Plaintiffs recover damages for unpaid wages.

### c. Whether Services were Undertaken on Contingent Fee Basis

Given that counsel took this case on a contingency basis, they "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery." *See id.* As such, this third factor favors the proposed fees award.

### d. Value of Services on Hourly Basis

As to the value of the services rendered on an hourly basis, this factor strongly weighs in favor of the proposed fees award. Counsel is being compensated at a rate of $350 per hour for a total of 27.7 hours of work.[1] Courts within this district have approved of similar hourly rates. *See, e.g., Rembert v. A Plus Home Health Care Agency LLC*, 2020 WL 1443041, at *2 (S.D. Ohio Mar. 25, 2020).

### e. Complexity of Litigation

With respect to the complexity of the litigation, counsel represents that FLSA collective action cases are expensive to pursue and require a tremendous amount of time and resources.

---

[1] Counsel also expended $400 in costs.

Furthermore, the claims and defenses in this suit have been contested until the end of this case. Thus, this factor weighs in favor of the proposed fees award.

### f. Skill of Counsel

The final factor, the professional skill and standing of the attorneys involved, also weighs in favor of the proposed fees award. Counsel has detailed the efforts that went into litigating and settling this case, as well as their professional background. Because of counsels' efforts, Plaintiffs were able to recoup the full value of the total damages they could have received at trial. Accordingly, the Court finds that the proposed attorneys' fees and costs award is reasonable.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Joint Motion for Approval of FLSA Settlement [#7]. The claims in Plaintiffs' Complaint are hereby **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over this action to enforce the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 13, 2020**